IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRONTIS JOSEPH FAUVER, ) | |
| AIS #245459, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-629-WKW |
| ) | |
| SANDRA GILES, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Frontis Joseph Fauver ("Fauver"), a convicted inmate, in which he challenges the constitutionality of conditions to which he was subjected during a prior term of incarceration at the Bullock Correctional Facility.

The correctional defendants filed a special report and supporting evidentiary materials addressing Fauver's claims for relief. In these filings, the defendants deny they acted in violation of Fauver's constitutional rights. Upon receipt of this special report, the court issued an order providing Fauver an opportunity to file a response to the report. *Order of December 5, 2014 - Doc. No. 14* at 1. The order advised Fauver that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id.* at 2. This order further cautioned Fauver that unless "**sufficient legal cause**" is shown within fifteen days of entry of this order "**why such action should**

**not be undertaken**, the court may at any time [after expiration of the time for his filing a response to this order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion to dismiss and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." *Id*. 2- 3.  Fauver has filed no response to this order within the time prescribed by the court.  The court therefore concludes that this case should be dismissed.

    The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Fauvers is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Fauver's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case.  It therefore appears that any additional effort by this court to secure Fauver's compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court.  It is further

ORDERED that **on or before June 20, 2016**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of June, 2016

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE